**Mallory A. ELSPERMAN, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

No. 22622.

United States Court of Appeals Fifth Circuit.

March 22, 1966.

Rehearing Denied April 21, 1966.

**260**

Mallory A. Elsperman, in pro. per.

Earl Faircloth, Atty. Gen., John S. Burton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

PER CURIAM:

Denying Appellant's petition for habeas corpus without a hearing, the District Court said:

"Petitioner is currently serving two concurrent five-year sentences imposed on March 1, 1963, by the Court of Record of Escambia County, Florida. Petitioner alleges that because of his indigency he was unable to employ an attorney to represent him in these cases, and his requests for court-appointed counsel were denied by the trial court. The relevant parts of the court minutes specifically state that the Court inquired as to whether Petitioner had or desired counsel, and Petitioner replied that he was without counsel and did not desire the same."

We reverse and remand for a hearing on Appellant's serious allegation that he was convicted without the assistance of court-appointed counsel and without a known waiver thereof.

██. Appellant has challenged the accuracy of the State Court minutes, which do not purport to be a transcript of the proceedings before the trial Court and which at most recite that Appellant was asked whether he had or desired counsel and that he replied in the negative. Against an attack of a habeas petition asserting denial of the constitutional right to effective assistance of counsel, such minutes do not import absolute verity. Their recitals having been contradicted by Appellant's positive allegations, he was entitled to a hearing thereon. Since in the course of exhausting his state remedies he was accorded no hearing, he must be given one by the Federal District Court. And in remanding this case for such a hearing, it is not inappropriate to note that we have recently reiterated that in these situations requiring appointment of counsel, it is not enough for the trial Court to ask an indigent defendant merely whether he desires counsel: the Court must affirmatively inform the defendant that it has a duty to appoint counsel for him if he so desires. See, e. g., Lastinger v. United States, 5 Cir, 1966, 356 F.2d 104 [Jan. 28, 1966].

Reversed and remanded.

* Senior Judge, Tenth Circuit, sitting by designation.